**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

RICHARD W. BRAMBLEY, JR. &
JOANNE BRAMBLEY and THOMAS
BRAMBLEY & JENNIFER BRAMBLEY,

    Plaintiffs,

vs.                                    CASE NO.: 3:08cv496/MCR/EMT

OWLS HEAD DEVELOPMENT, LLC,
a Florida limited liability company,

    Defendant.
_____/

**O R D E R**

    Pending is Defendant's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (doc. 29), in which defendant seeks dismissal of plaintiff's complaint based on a forum selection clause in a contract between the parties.  Defendant argues that by virtue of this clause the parties must litigate this case before a different court in a different venue.  Plaintiff opposes dismissal, arguing that defendant's motion is one which must be brought pursuant to Rule 12(b)(3) for improper venue, and that because defendant has previously filed a Rule 12 motion to which it could have but did not join the present motion, defendant is deemed to have waived the defense pursuant to Rule 12(g).  The court agrees.  Defendant's first motion to dismiss (doc. 5) was based on a statute of limitations defense, which falls under Rule 12(b)(6).  *See Mann v. Adams Realty Co., Inc.*, 556 F.2d 288 (5th Cir. 1977).[1]

---

[1] This court is bound by decisions of the Fifth Circuit Court of Appeals entered prior to October 1, 1981.  *See Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

Because defendant had the present defense of improper venue available to it at the time it filed its initial Rule 12 motion, it is precluded from filing a successive Rule 12 motion.[2]

Accordingly, Defendant's Motion to Dismiss (doc. 29) is DENIED.

**DONE and ORDERED** this 11th day of June, 2009.

        s/ *M. Casey Rodgers*
    **M. CASEY RODGERS**
    **UNITED STATES DISTRICT COURT**

---

[2] The court is unpersuaded by defendant's efforts to pursue this motion under Rule 12(b)(1). The Eleventh Circuit has unequivocally stated that motions to dismiss based on a forum selection clause do not generally raise a challenge to the court's jurisdiction and that Rule 12(b)(3) is the proper vehicle for such motion. *Lipcon v. Underwriters At Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) citing with approval *Central Contracting Company v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d Cir. 1966) ("stating that a forum selection clause 'does not oust the jurisdiction of the courts; in effect it merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise jurisdiction.'"). The court agrees with this reasoning. Additionally, the court notes that filing the instant motion under Rule 12(b)(6) does not change the Rule 12(g) analysis or the result.

Case No.: 3:08cv496/MCR/EMT